UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

ANNE IVANOVSKI,

    Plaintiff,

v.

NCL (BAHAMAS) LTD. and
NCL AMERICA, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, ANNE IVANOVSKI, is an Australian citizen and resident of Perth, AUS.

2. Defendant, NCL (BAHAMAS) LTD., ("NCL BAHAMAS") is a foreign entity incorporated under the laws of Bermuda with its principal place of business in Florida.

3. Defendant, NCL AMERICA, LLC, ("NCL AMERICA") is a business entity which, upon information and belief, has all members with citizenship and residency in Florida.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333 (the Court's admiralty jurisdiction) because the case presents a maritime tort.

5. Notwithstanding that this matter falls under the Court's admiralty jurisdiction, the Plaintiff hereby requests an advisory jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333.

6. At all times material hereto, Defendants, personally or through an agent:

1

a. Operated, conducted, engaged in or carried out a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial business activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193; and/or

e. Committed acts set out in this Complaint that occurred in whole or in part in this county and/or state.

7. At all times material hereto, Defendants are subject to the jurisdiction of the Courts of this State.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

## FACTS COMMON TO ALL COUNTS

9. At all times material hereto, Defendant, NCL BAHAMAS, owned, co-operated, co-managed, co-maintained and/or co-controlled the subject vessel, the *Norwegian Pride of America.*

10. At all times material hereto, Defendant, NCL AMERICA, co-operated, co-managed, co-maintained and/or co-controlled the subject vessel, the *Norwegian Pride of America*.

11. At all times material, Defendants jointly operated the *Norwegian Pride of America* in navigable waters.

12. For the subject cruise, Defendants started the voyage in a U.S. port, Honolulu, Hawaii.

13. Defendants, as common carriers, were engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Norwegian Pride of America*.

14. At all times material, Plaintiff was a paying passenger and lawfully aboard the *Norwegian Pride of America*.

15. On or about September 28, 2024, the Plaintiff sustained severe bodily injuries when she slipped and fell on a wet, slippery and/or hazardous flooring surface on Deck 13 aboard the vessel (hereinafter referred to as the "subject area"). A picture of the subject area is provided below:



16. As a result of the subject incident, Plaintiff fractured her leg, broke her toe, and subsequently developed a deep vein thrombosis while trying to get emergency medical care for her subject injuries. As a result of her injuries, Plaintiff has required surgical treatment and has had metal hardware permanently installed within her body.

17. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

   a. The subject area contained water and/or some other clear and slippery liquid on the floor that made the flooring surface slippery and/or unreasonably slippery when wet; and/or

   b. The flooring surface of the subject area was slippery and/or unreasonably slippery when wet; and/or

   c. Defendants failed to reasonably maintain the drainage system in the subject area; and/or

   d. The dangerous clear liquid and/or unreasonably slippery floor was not open nor obvious to the Plaintiff.

18. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   a. Defendants' crewmember(s) had, more likely than not, washed the deck down and failed to dry the subject area. Plaintiff was injured on the first day of the cruise and within hours of boarding the vessel;

   b. The drainage near the subject area on Deck 13 was defective, as water failed to quickly drain. As such, Defendants knew or should have known of this draining issue as it existed for a sufficient period of time for Defendant to learn of it and remedy it. More specifically, following the incident, Plaintiff's husband observed that the drain did not drain water and/or the drain took in excess of 30 minutes to drain some water.

   c. Prior to Plaintiff's incident, other passengers of Defendants also slipped and fell while on the subject vessel and on a similar deck:

      i. On July 23, 2022, a passenger slipped on Deck 11 of the *Norwegian Pride of America* (the exact same ship and two deck levels below, but same or similar synthetic flooring surface). That guest also slipped on

4

       a wet, slippery and/or hazardous flooring surface. *See Fernandez v. NCL (Bahamas) Ltd.,* 23-cv-21429-CMA (S.D. Fla. 2023), D.E. 1. This prior incident is similar in that Defendants' guest slipped due to similar dangerous conditions and on the same vessel and similar flooring surface; thus, putting Defendants on notice that the floor material on the outdoor and pool decks of its vessels (Decks 11 and 13) are unreasonably slippery when wet.

  ii.  On or about 2019, a passenger slipped on Deck 11 of the *Norwegian Pride of America* (the exact same ship and two deck levels below, but same or similar synthetic flooring surface). That guest also slipped on a wet, slippery and/or hazardous flooring surface. In that case, NCL conceded that the area was "continuously monitored," and the "entire crew" was responsible for identifying and promptly addressing any safety concerns, including by placing warning signs when appropriate. NCL's corporate representative testified that if any NCL employee saw an accumulation of water on the floor, the employee would be expected to "either clean it up, cordon it off, and also put a warn[ing] sign." *Plott v. NCL Am., LLC,* 786 F. App'x 199, 201 (11th Cir. 2019).

.

  iii.  On or about 2019, a passenger slipped on Deck 11 of the *Norwegian Pride of America* (the exact same ship and two deck levels below, but same or similar synthetic flooring surface). That guest also slipped on a wet, slippery and/or hazardous flooring surface. *Baker v. NCL Am., LLC,* No. 1:19-cv-24442-JLK, 2020 U.S. Dist. LEXIS 13035, at *2 (S.D. Fla. Jan. 24, 2020).

  iv.  On or about December 3, 2019, a passenger slipped on a pool deck of the *Norwegian Pride of America* (the exact same ship). That guest also slipped on a wet, slippery and/or hazardous flooring surface. *Barbara Stevens v. Norwegian Cruise Line*, Case No.: 1:20-cv-23908-MCG.

  v.  On or about July 30, 2019, a passenger slipped on a pool deck of the *Norwegian Pride of America* (the exact same ship). That guest also slipped on a wet, slippery and/or hazardous flooring surface. *Cheryl Adams v. Norwegian Cruise Line*, Case No.: 1:20-cv-22900.

  vi.  On or about January 17, 2016, a passenger slipped on a pool deck of the *Norwegian Pride of America* (the exact same ship). *Roberta Hoppe v. Norwegian Cruise Line*, Case No.:17-cv-24693-CMA.

d. As per Defendants' policies and procedures, Defendants' crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendants and/or its crewmembers reasonably complied with those policies and procedures, Defendants would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury. More specifically, it is a policy of Defendants

to have its crewmembers inspect each and every deck of the vessel before boarding passengers, in order for Defendants to learn of and remedy any dangerous conditions aboard the vessel.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) above as though alleged originally herein and further alleges:

19. At all times material hereto, it was the duty of Defendants to provide the Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the subject area in a reasonably safe condition.

20. On or about September 28, 2024, Defendants and/or their agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

   a. Failure to reasonably clean and/or dry the subject area so as to reasonably maintain it in a clean and/or dry and/or non-slippery condition;

   b. Failure to adequately and/or regularly maintain the subject area to keep it free of wet, dirty and/or slippery foreign substances and/or conditions;

   c. Failure to adequately and/or regularly maintain a reasonably safe flooring surface for the subject area in light of the anticipated purpose of the subject area;

   d. Failure to reasonably maintain the drainage system in the subject area.

21. All or some of the above acts and/or omissions by Defendants, their agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

22. At all times material hereto, Defendants knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that

Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendants did not create, Defendants' knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

23. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

**COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANTS**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) above as though alleged originally herein and further alleges:

24. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

25. On or about September 28, 2024, Defendants and/or their agents, employees and/or crewmembers breached their duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

    a. Failure to reasonably clean and/or dry the subject area so as to maintain it in a reasonably clean and/or dry and/or non-slippery condition; and/or

    b. Failure to close off and/or place warning signs on or around the wet, dirty, and/or slippery parts of the subject area to keep passengers, including the Plaintiff, away from the dangerous conditions outlined above; and/or

    c. Failure to correct hazardous conditions following other and prior slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

    d. Failure to utilize a reasonably safe flooring surface for the subject area in light of the anticipated purpose of the subject area; and/or

    e. Failure to have a non-slip and/or non-skid flooring surface on/around the subject area; and/or

    f. Failure to place rubber mats or other non-slip coverings or substances on/around the subject area; and/or

    g. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface around the subject area before opening it up to passengers and the Plaintiff.

26. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

27. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

28. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered

physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT III – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) above as though alleged originally herein and further alleges:

29. At all times material hereto, it was the duty of Defendants to provide the Plaintiff with reasonable care under the circumstances.

30. At all times material hereto, it was the duty of Defendants to warn passengers of dangers that were known, or reasonably should have been known, to Defendants in places where passengers are invited to or may reasonably be expected to visit.

31. On or about September 28, 2024, the Plaintiff was on or about Deck 13 of the subject vessel, which is a place that the Plaintiff was invited to by Defendants and a place Defendants reasonably expected the Plaintiff to be in during the subject cruise.

32. On or about September 28, 2024, Defendants and/or their agents, employees and/or crewmembers breached their duty to warn the Plaintiff of known dangerous conditions, through negligent acts and/or omissions that include, but were not limited toto:

   a. Failure to sufficiently warn the Plaintiff of the wet, dirty, and/or slippery condition(s) of the subject area, via use of warning signs, cones or other means;

  b. Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the wet, dirty, and/or slippery condition of the subject area, including but not limited to the hazardous co-efficiency of friction in light of the wet, dirty, and/or slippery condition of the flooring surface;

  c. Failure to sufficiently warn the Plaintiff of the defective drainage system in the subject area;

  d. Failure to sufficiently warn passengers and the Plaintiff of other slip and fall accidents which previously occurred in the same area, on same deck and/or on same flooring surface as Plaintiff's incident.

33. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

34. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

35. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Dated: January 21, 2025.

        Respectfully submitted,

        LIPCON, MARGULIES,
        & WINKLEMAN, P.A.
        *Attorneys for Plaintiff*
        2800 Ponce de Leon Blvd.
        Suite 1480
        Coral Gables, FL 33134
        Telephone: (305) 373-3016
        Facsimile: (305) 373-6204

By: */s/ Luis Alexander Perez*
     **LUIS ALEXANDER PEREZ**
     Florida Bar No. 125452
     aperez@lipcon.com